HON. RONALD PETE COVEY Supervisor, Beekmantown
This is in response to your recent letter requesting our opinion as to whether or not a confidential secretary or bookkeeper appointed by the town supervisor may compatibly serve as deputy town clerk and registrar of vital statistics. You state in your letter that this employee, whose position you term as town secretary, was appointed by the town board. We assume that you mean that you, acting as town supervisor, appointed her as confidential secretary or bookkeeper to yourself as authorized by resolution of the town, as provided by section 29(15) of the Town Law.
It would appear that the compatibility of the position of bookkeeper and that of deputy town clerk and registrar of vital statistics would depend upon the powers and duties that the bookkeeper would have in her capacity as deputy town clerk.
Section 30 of the Town Law provides, among the powers and duties of the town clerk, the power to issue licenses or permits and collect fees thereof; and frequently, to draw the orders for payment of claims authorized to be paid by the town board, and may be required by resolution of the town board to countersign all such checks signed by the town supervisor. Section 29, subdivision 10, of the Town Law provides that the town supervisor shall make an annual financial report accounting for all monies received and disbursed by him to the town clerk.
Your bookkeeper, who also holds the position of deputy town clerk, has the same authority to countersign checks signed by the town supervisor or draw orders for payment of claims authorized to be paid by the town board in the absence of the town clerk. She also, in her position as your bookkeeper, would have the responsibility to assist in the preparation of the town supervisor's annual financial report and otherwise assist him in his capacity as the town's chief fiscal officer. The rationale of the town clerk, having authority to draw necessary warrants and countersign checks drawn by the town supervisor, is to provide a fiscal check upon the town supervisor by another town officer. Should the bookkeeper for the town supervisor also be capable of acting as town clerk, this fiscal check would be circumvented, and therefore, the two positions would be rendered incompatible. There is apparently no conflict of interest or incompatibility arising out of the holding of the position of bookkeeper to the town supervisor and registrar of vital statistics by one person (People ex rel. Ryan v. Green, 58 N.Y. 295, 304 [1874]).
Therefore, we conclude that the position of confidential secretary or bookkeeper to the town supervisor, authorized by section 29(15) of the Town Law, is incompatible with the position of deputy town clerk, but there exists no incompatibility between the position of confidential secretary or bookkeeper and the position of registrar of vital statistics.